**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| NATALIYA BABENKO, | Case No. 1:12-mc-006 |
|     Movant, | Weber, J. |
| | Bowman, M.J. |
| v. | |
| FEDERAL TRADE COMMISSION, | |
|     Defendant. | |

**MEMORANDUM ORDER**

On February 24, 2012, Nataliya Babenko, through counsel, ("Movant") filed a Motion seeking to quash a Subpoena issued to Fifth Third Bank by the Federal Trade Commission ("FTC"). Nataliya Babenko is married to Kevin Trudeau, a telemarketer and "informercialist." Mr. Trudeau is currently under order from the Northern District of Illinois to pay the FTC $37.6 million as a civil contempt sanction, based upon his violation of a final order entered by that court in 2004. *See FTC v. Trudeau*, 708 F. Supp.2d 711 (N.D. Ill. 2010), *aff'd* 662 F.3d 947 (7th Cir. 2011). The FTC represents that Trudeau has made no payments to date, based upon a disputed inability to pay.

The Subpoena that Movant seeks to quash seeks documents "referring to or relating to the Subject Account," defined as "any bank account in the name of: (1) Kevin M. Trudeau, and any account for his benefit or for which he is a signatory or authorized user; (2) Global Information Network FDN...; and (3) Nataliya Babenko...and any account held for her benefit or for which she is a signatory or authorized user." (Doc. 2-1 at 11). Movant filed her motion pursuant to Section 1110 of the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. §3410, in order to prevent the FTC from obtaining access to Movant's

personal financial records.

The referenced statute permits a customer to move to quash a subpoena to prevent the Government authority from obtaining financial records, upon a showing by "affidavit or sworn statement" that "the financial records sought are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of this chapter." 12 U.S.C. §3410(a)(2). Movant attached a sworn statement to her motion, but sought and was initially granted leave by this Court to file that statement under seal based upon Mr. Trudeau's assertion of "spousal privilege."

In its response to Movant's motion to quash, the FTC - which has been prevented from reviewing Movant's sworn statement- vehemently contests the applicability of any spousal privilege. After further review, the Court agrees that no spousal privilege applies to Movant's sworn statement that would entitle it to remain under seal. The spousal privilege, like all privileges, is strictly construed. Only the marital communications spousal privilege, and not the testimonial spousal privilege, has any potential application here. *See United States v. Porter*, 986 F.2d 1014, 1018 (6th Cir. 1993)(only a testifying spouse can assert the adverse testimony spousal privilege, whereas the confidential communications privilege can be asserted by either spouse).

The marital communications privilege applies only to utterances or expressions intended by one spouse to convey a message to the other, made in confidence. *Id*.; *see also Pereira v. United States*, 347 U.S. 1, 6 (1954). The privilege may not apply to objective facts related to third parties. *See United States v. Klayer*, 707 F.2d 892, 894 (6th Cir. 1983)(conviction on insurance fraud did not violate privilege where wife testified that they did not own a silver tea tray, because privilege did not apply to objective fact

2

concerning ownership). Bank documents, which constitute communications to a third party, generally are not considered to be subject to the spousal communications privilege. *See Aetna Group USA, Inc. v. AIDCO Int'l, Inc.*, 2011 WL 2295137 (S.D. Ohio June 8, 2011)(holding that financial documents were not subject to privilege); *compare Nimmer v. U.S. S.E.C.*, 2011 WL 3156791 (D. Neb. July 26, 2011)(denying motion to quash subpoena for bank records under RFPA and holding such records are not subject to attorney-client privilege).

In addition, larger public policy concerns justify limits on the privilege. *See United States v. Sims*, 755 F.2d 1239 (6th Cir. 1985)(reasoning that "the goals of protecting marital privacy and of encouraging frank marital communications do 'not justify assuring a criminal that he can enlist the aid of his spouse in a criminal enterprise without fear that by recruiting an accomplice or co-conspirator he is creating another potential witness.'")(citation omitted); *see also Ranney-Brown Distributors, Inc. v. E.T. Barwick Indus., Inc.*, 75 F.R.D. 3, 5 (S.D. Ohio 1977)("A claim of privilege cannot be used as a means to conceal assets to prevent execution of judgment.")(citation omitted). Based upon the Court's conclusion that the spousal privilege does not apply, the Court will unseal Movant's sworn statement. *See also, generally, In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)("Only the most compelling reasons can justify non-disclosure of judicial records."); *see also Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983), *cert. denied,* 465 U.S. 1100 (1984)).

The Court further finds that the motion to quash the subpoena must be denied. The sole basis provided by Movant for quashing the subpoena is her contention that her personal financial records are not relevant to the FTC's investigation of her husband. In her affidavit, Ms. Babenko represents that bank records in her name reflect an account

3

held exclusively in her name and used for her personal purposes, that no payments have been made from the account to Kevin Trudeau or to any company he owns, and that no monies have been deposited into the account from Trudeau or any company he owns. (Doc. 3).

The Movant bears the initial burden of showing the records are not relevant, *see Karlis v. S.E.C.*, 613 F. Supp.2d 150, 153 (D. Mass. 2009). However, to the extent that the mere filing of a motion to quash shifts the burden to the FTC, I find that the FTC has more than satisfied its burden to demonstrate relevance. *See Carillo Huettel v. U.S. S.E.C.*, (S.D. Cal. Feb. 11, 2011)(implying that government bears the burden to establish relevance in response to motion).

Pursuant to the statute, the Court must deny the motion to quash if "there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief [exists] that the records sought are relevant to that inquiry." 12 U.S.C. §3410(c). Ms. Babenko does not deny that she is Mr. Trudeau's spouse, whose records are sought by the same subpoena. As in *Karlis v. S.E.C.*, another case in which a wife claimed to have no involvement in her husband's illicit financial dealings, I conclude that the evidence submitted by the FTC here is more than adequate to prove the subpoena is based upon a legitimate law enforcement inquiry relating to Mr. Trudeau, and the FTC's reasonable belief that the records sought are relevant.

The FTC has submitted information that Movant provided one or more loans to Mr. Trudeau (see Doc. 6, Page ID# 59 and 64), and that she serves as president of one of Mr. Trudeau's companies (Id. at Page ID# 58), in addition to having a close familial relationship as his spouse. *See generally Nat'l Union Fire Ins. Co. of Pittsburgh v. Van Waeyenberghe*, 148 F.R.D. 256, 256-257 (N.D. Ind. 1993)("[I]t should be beyond question that a judgment

4

creditor is allowed to ask a judgment debtor for asset and financial information relating to the debtor's spouse or other family members."). Mr. Trudeau and Ms. Babenko were married in June of 2008, after he had been held in contempt but just before the $37.6 million contempt sanction was first entered against him. The FTC does not need concrete proof of intermingling of finances or transfers between Ms. Babenko and Mr. Trudeau, but only such proof as to evidence a "reasonable belief" that Movant's records are relevant to the *investigation* of her husband's debt. *Accord, U.S. S.E.C. v. DiBella*, 2009 WL 1561596 (D. Conn. June 1, 2009)(holding that the fact that wife is not a party has no direct bearing on the relevance of her bank account to the investigation of her husband).

Accordingly, for the reasons stated herein, **IT IS ORDERED:**

1. Movant Nataliya Babenko's Motion for Order Quashing Subpoena (Doc. 1) is **DENIED**;

2. This miscellaneous case shall be **closed**.

                                                                 *s/ Stephanie K. Bowman*
                                                                 Stephanie K. Bowman
                                                                 United States Magistrate Judge